■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LANDES, Appellant. [656 NYS2d 517] —Carpinello, J. Appeal from a judgment of the County Court of Saratoga County (Feldstein, J.), rendered August 2, 1995, which resentenced defendant following his conviction of the crimes of unregistered sale of securities and fraud in the sale of securities.

Following his conviction of the crimes of unregistered sale of securities and fraud in the sale of securities, defendant was sentenced to concurrent terms of 60 days' incarceration, as well as a one-year conditional discharge contingent upon defendant making full restitution to the victims of his crimes. On appeal, this Court reversed so much of the judgment of conviction as imposed the latter part of the sentence and remitted the matter to County Court for further proceedings "not inconsistent with this Court's decision" (192 AD2d 1, 6, *affd* 84 NY2d 655). Upon remittal, County Court imposed a three-year term of probation, in lieu of the one-year conditional discharge, and ordered defendant to make restitution during this time period. Defendant appeals, contending that County Court was without authority to impose upon resentencing a sentence harsher than that imposed prior to his appeal.

Initially, on the original appeal, this Court found that County Court's imposition of a one-year conditional discharge contingent upon defendant making full restitution was inappropriate absent a hearing to determine "defendant's financial condition, the appropriate amount of restitution and a payment schedule, if any" (*id.*, at 6). In essence, we concluded that County Court had failed to comply with statutory requirements and, therefore, that the part of the judgment imposing a conditional discharge together with restitution was a nullity (*see, id.*). When County Court reconsidered this issue upon remittal, it was free, pursuant to Penal Law § 65.10 (2) (g), to order either probation or a conditional discharge and to make restitution a condition thereof. Inasmuch as it chose to order probation, we do not find that the court exceeded its authority under the statute. In addition, although the three-year term of probation was longer than the one-year term of the conditional discharge, we do not find that the sentence imposed upon resentencing was harsher since the amount of restitution ordered, $7,800, was much less than the amount of restitution ordered under the original sentence, and defendant was provided a longer time period in which to make payments totaling this amount under the three-year period of probation. Consequently, we find no reason to disturb the sentence imposed by County Court.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgment is affirmed.